# EXHIBIT B

# Minutes re: Proposed Conceptual Amendment for Senate Bill No. 311

# EXHIBIT B

**Committee Action:**
                              Do Pass_____
                Amend & Do Pass_____
                                Other_____

# Assembly Committee on Commerce and Labor

This measure may be considered for action during today's work session.

---

**SENATE BILL 311**
**Prohibits certain discriminatory practices against a person seeking credit. (BDR 52-1048)**

| | |
|---|---|
| **Sponsored by:** | Senators Parks, Harris, and Brooks, et al. |
| **Date Heard:** | May 1, 2019 |
| **Fiscal Impact:** | Effect on Local Government: Increases or Newly Provides for Term of Imprisonment in County or City Jail or Detention Facility. **Effect on the State: Yes.** |

---

Senate Bill 311 expands the protection against discrimination of a person seeking credit to include color, creed, disability, gender identity or expression, national origin or ancestry, race, religion, and sexual orientation. The bill requires the commissioner of the Financial Institutions Division of the Department of Business and Industry to study the nature and extent of any discrimination of the expanded protections and to cooperate with and assist in programs to prevent or eliminate such discrimination.

**Amendments:**

Senators Harris and Parks and Assemblywoman Tolles propose the following amendments to Senate Bill 311 (see attached):

1. Add a new section to the chapter governing equal opportunity for credit to require a creditor to deem the credit history of a credit applicant to be identical to the credit history of that person's spouse under certain circumstances outlined in the proposed conceptual amendment. A violation of this new requirement is deemed to be discrimination based on marital status;

2. Define "marital status" for the chapter governing equal opportunity for credit, which prohibits credit discrimination based on marital status, to include all states of being married or unmarried, and expressly include the states of being divorced, married, separated, single, or widowed. The intent is to clarify that discrimination based on any type of marital status is prohibited; and

3. Add Senator Harris as a primary cosponsor and Assembly Members Jauregui, McCurdy II, Spiegel, and Tolles as primary joint sponsors.

# **Proposed Conceptual Amendment for Senate Bill No. 311**
(Proposed by Senator Parks, Senator Harris and Assemblywoman Tolles)

**Amend the bill as follows:**

- Add a new section to NRS Chapter 598B to address the problem of a person who has no credit history because the person has been married and the person's spouse has handled the couple's credit during the marriage in such a way that the person's spouse, but not the person, is the only one of the couple to have a credit history. In this case, the person may not be able to obtain credit, even though the person contributed to the development of the couple's credit history, because the credit history is entirely in the spouse's name.

  The intent of this proposed conceptual amendment is to address this problem by providing a new requirement that a creditor deem the credit history of an applicant for credit to be identical to the credit history of that person's spouse under certain circumstances. Violation of this new requirement would be deemed to be discrimination based on marital status, which is already prohibited in language found in Section 3 of the bill. To achieve the intent of addressing this problem, this proposed conceptual amendment would add a new section to the bill, to read as follows:

  *1. If an applicant for credit:*
  *(a) Has no credit history;*
  *(b) Was or is married;*
  *(c) Requests that the creditor deem the credit history of the applicant to be identical to the credit history of the applicant's spouse which was established during the marriage referenced in paragraph (b); and*
  *(d) If requested by the creditor, provides, with regard to the marriage referenced in paragraph (b), evidence of:*
  *    (1) The existence of the marriage; and*
  *    (2) The date of the marriage and, if applicable, the date the marriage ended,*
  *then the creditor must deem the credit history of the applicant to be identical to the credit history of the applicant's spouse which was established during the marriage referenced in paragraph (b).*
  *2. Violation of this section by a creditor shall be deemed to be discrimination based on marital status.*

- Define "marital status" for the purposes of the provisions of NRS Chapter 598B which prohibit discrimination based on marital status with regard to credit. The intent of this proposed conceptual amendment is to clarify that discrimination based on any type of marital status is prohibited. To achieve this intent, define the term "marital status" for the chapter to include all states of being married or unmarried, and expressly include the states of being single, married, separated, divorced or widowed.

- Add Senator Harris as a primary co-sponsor, with her name added immediately after Senator Parks's name, and add Assemblywoman Jauregui, Assemblyman McCurdy, Assemblywoman Spiegel and Assemblywoman Tolles as primary joint sponsors.